In re FINLEY, KUMBLE, WAGNER, HEINE, UNDERBERG, MANLEY, MYERSON & CASEY, Debtor.

Andrew N. HEINE and Andrew N. Heine, P.C., Appellants,

v.

FINLEY, KUMBLE, WAGNER, HEINE, UNDERBERG, MANLEY, MYERSON & CASEY, Appellee.

The TRAWEEK NON–FUND CLAIMANTS, Appellants,

v.

FINLEY, KUMBLE, WAGNER, HEINE, UNDERBERG, MANLEY, MYERSON & CASEY, Appellee.

Lynn REDGRAVE, John Clark, Kellybee Enterprises, Inc., Appellants,

v.

FINLEY, KUMBLE, WAGNER, HEINE, UNDERBERG, MANLEY, MYERSON & CASEY, Appellee.

No. 88 B 10377 (PBA).

United States District Court, S.D. New York.

Jan. 23, 1992.

Milbank, Tweed, Hadley & McCloy (Adlai S. Hardin, Jr., of counsel), New York City, for Trustee.

Judd Burstein, P.C., New York City, and Crane, Rayle & Lennemann, Santa Monica, Cal., for Traweek non-fund claimants.

Togut, Segal & Segal (Albert Togut, of counsel), New York City, for Official Committee of Unsecured Creditors of Finley, Kumble, Wagner, Heine, Underberg, Manley, Myerson & Casey.

Christy & Viener (John F. Cambria, Steven P. Sokolow, of counsel), New York City, for Arthur H. Christy, Malpractice Claimants' representative.

LASKER, District Judge.

Francis Musselman, Chapter 11 Trustee of the debtor Finley, Kumble, Wagner, Heine, Underberg, Manley, Myerson & Casey, moves to dismiss appeals from an order by the Bankruptcy Court for the Southern District of New York (Abram, J.) confirming the Trustee's Third Amended Chapter 11 Plan. It is claimed that appellants lack standing to appeal because they failed to file timely objections to the plan while it was under consideration by the Bankruptcy Court. In the alternative, the Trustee seeks an order expediting the appeal. The appeals were initially brought by former Finley, Kumble partner Andrew Heine and two groups of claimants, one headed by Lynn Redgrave and one headed by Richard Traweek.

The Heine appeal was dismissed by stipulation. Redgrave failed to file responsive papers or appear on the motion to dismiss her appeal; the motion to dismiss her appeal accordingly is granted on default. The motion to dismiss Traweek's appeal is denied. However, the motion for an order expediting the appeal is granted.

## I.

Finley, Kumble initially filed for bankruptcy protection in 1988. The law firm consisted of hundreds of partners, was located in numerous states as well as abroad and had a similarly large and diffuse number of creditors and claimants. The plan now under appeal was developed consensually among those parties in what all sides concede to have been a difficult and lengthy process. Among the plan's central provisions is the agreement of Finley, Kumble's former partners to contribute to a fund to resolve various claims against the estate, and an injunction barring claimants' further suits against those former partners. The Trustee and the creditors claim that the consensus underlying the plan remains fragile and that by its terms the plan cannot be implemented until all appeals are resolved, which heightens the need for prompt resolution both of the instant motion and of the appeal. All appellants were aware of and involved in the proceedings from an early stage.

Confirmation of the plan proceeded as follows: 1) objections were due to be filed by May 15, 1991; 2) a confirmation hearing was held on October 23, 1991, at the close of which the court ruled the record closed as to the plan's merits; 3) on December 9, 1991, the Court issued an order confirming the plan.

Traweek filed objections to the plan on November 8, 1991, well after the May 15 deadline for the submission of such objections and after the close of the record on the plan. On November 13 Judge Abram announced her refusal to consider Traweek's objections because they were untimely. Traweek filed a notice of appeal from the confirmation order on December 17, 1991. It is not disputed that the notice of appeal from the order was filed timely and in accordance with all applicable Bankruptcy Rules.

Traweek's "Designation of the Contents of the Record on Appeal and Statement of Issues," filed on December 30, 1991, states two issues for appeal, the first of which is:

1. Whether the Bankruptcy Court erred when it ruled that the November 7, 1991 Traweek Non–Fund Claimants' Objections to the Trustee's Third Amended Chapter 11 Plan were barred as untimely under the Bankruptcy Court's March 15, 1991 order fixing the deadline for objections to the plan as May 15, 1991, where the Traweek Non–Fund Claimants had no justiciable objection to the plan until the Bankruptcy Court's October 29, 1991 order, five months after the deadline for objections to the plan, confirming a certain proof of claim as a class proof of claim?

Movants argue that Traweek lacks standing to appeal for two reasons. First, the Trustee argues that Traweek's failure to file timely objections to the plan or to present his position at the confirmation hearing defeats any standing he may have had to appeal the Bankruptcy Court's confirmation order which followed those proceedings. In support of its position, the Trustee cites numerous cases which have held that an interested party's failure to file timely objections to a plan then under consideration bars the subsequent appeal of the resulting plan. *See, e.g., In re Ruti–Sweetwater, Inc.*, 836 F.2d 1263, 1268 (10th Cir.1988) ("When the Heins failed to object to the Plan, they waived their right to challenge the Plan or to assert, after the fact, that the Plan discriminated unfairly and was not fair and equitable").

Second, the malpractice claimants' representative, in a brief submitted in support of the Trustee's motion, argues that Traweek lacks standing because he is not a person "aggrieved" by the decision below as required by case law governing standing in bankruptcy appeals. *See, e.g., Kane v. Johns–Manville Corp.*, 843 F.2d 636, 641 (2d Cir.1988) (appellant has standing only if "directly and adversely affected pecuniari-

ly" by the order). The claimants argue that Traweek's appeal is not "tied to any provision of the Plan which determines the value of ... appellant's claim." Claimants' Br. at 10. They maintain that Traweek's real objection is to a low valuation placed on his claims by the estate and the claimants' representative, and that his proper recourse is to appeal from any adverse result he suffers on his individual claim, rather than to appeal the plan itself.

■ Traweek's position on both standing arguments is persuasive. As to the first argument, Traweek responds that he has properly filed and perfected his appeal, the very subject of which is the propriety of the bankruptcy court's refusal on timeliness grounds to consider his objections. His appeal alleges that he has been injured both by the plan overall and by the court's refusal to consider his objections. Because that refusal and the injury he alleges it caused him is the subject of his appeal, Traweek correctly observes that his procedural default below cannot defeat his standing to bring this appeal. Although the case law cited by the Trustee strongly suggests that Traweek's appeal will not succeed, the cases, all of which are ultimate dispositions on the merits of bankruptcy appeals, do not support the proposition that Traweek lacks standing to make his argument.

As to the argument that he was not "aggrieved" by the Bankruptcy Court's action within the meaning of bankruptcy standing doctrine, Traweek responds that he has claims against the estate and that he appeared before the court below and was adversely materially affected by the court's order. The harm he alleges to result from his inability to present objections to the plan is a diminished ability to recover on his claims as a result of the plan's provision enjoining further suits against former partners of Finley, Kumble, and by the plan's allegedly inadequate protection of his interests as a malpractice claimant. Such a claim is consistent with the allegations of direct pecuniary injury necessary to support standing in bankruptcy appeals. *See, e.g., Kane*, 843 F.2d at 642 (creditor whose recourse is "limited by the settlement procedures mandated by the Trust"

has standing to bring appeal). Traweek therefore has standing to appeal and the question whether he in fact is procedurally barred is a question which can only be determined by resolution of the merits of the appeal.

Accordingly, the motion to dismiss his appeal is denied.

## II.

■ There remains the question whether to require the appeal to proceed on an expedited basis. Counsel for the Trustee, the creditors' committee and the malpractice claimants' representative, as well as the Trustee himself, all have made persuasive statements that the consensus supporting this plan is fragile and may be disrupted by either delay or adverse rulings on appeal. In addition, Bankruptcy Judge Abram commented on the potential for disruption arising from Traweek's effort to object late in her ruling on the question on November 13, 1991. I find the potential for such disruption to be significant and to constitute the potential irreparable harm absent expedited treatment which justifies expediting an appeal under Bankruptcy Rule 8011(d). Accordingly, the motion seeking expedited treatment of the appeal is granted.

Because my term as emergency motions Judge of this Court is to end the day after this opinion is filed and because I will not be available to sit on the case thereafter, the parties are hereby instructed to contact Judge Haight of this Court, who will be responsible for Part One of this Court for the two weeks that follow, in order to arrange an expedited briefing and argument schedule.

In sum, the motion to dismiss the Heine appeal has been dismissed by stipulation; the motion to dismiss the Redgrave appeal is granted on default; and the motion to dismiss the Traweek appeal is denied. The motion to expedite the Traweek appeal is granted.

It is so ordered.